## In re Anonymous No. 26 D.B. 90

188

RAVEN RUDNITSKY, *Member,* May 4, 1994—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania dated August 12, 1992, [petitioner] was suspended from the bar of this Commonwealth for a period of 18 months. The suspension became effective on September 11, 1992 and expired on March 11, 1994.

The misconduct which led to the petitioner's suspension included the mismanagement of client funds, including the funds of a minor, and conduct which is prejudicial to the administration of justice. It also included disregard of the ruling of a tribunal made in the course of a proceeding and attempting to exonerate himself from liability for matters relating to the mishandling of client funds.

On August 30, 1990, a petition for reinstatement was filed and the matter was referred to Hearing Committee [    ] which was chaired by [    ], Esquire, and included members [    ], Esquire and [    ], Esquire. The hearing was held on December 7, 1993 and a unanimous recommmendation was made to grant reinstatement.

The matter was adjudicated at the March 10, 1994 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee.

(1) Petitioner was born in 1938 in [    ], [    ] County, Pennsylvania. He is a 1964 graduate of the [    ] University College of Law.

(2) From his 1964 admission until his suspension, petitioner was engaged in the general practice of law, and had in the past held positions as a [    ] for the Commonwealth of Pennsylvania and [    ] to the [    ] Office of the Commonwealth of Pennsylvania.

(3) The Hearing Committee concluded that the petitioner violated D.R. 6-102(A); D.R. 1-102(A)(4), (5), (6); and D.R. 7-106(A). The Disciplinary Board found that petitioner violated D.R. 1-102(A)(5); D.R. 7-106(A); D.R. 1-102(A)(6); and D.R. 6-102(A). The Disciplinary Board found no violation of D.R. 1-102(A)(4).

(4) In August of 1992, the Supreme Court suspended the petitioner from the practice of law for a period of one and one-half years, which suspension became effective on September 11, 1992.

(5) Pursuant to the rules, the petitioner has submitted payment of all costs related to the suspension proceedings. (N.T. 5.)

(6) Since his suspension, the petitioner has been employed as a paralegal by various attorneys in [    ] County, both for compensation and on a pro bono basis. (N.T. 5.)

(7) Petitioner has complied with the educational requirements for suspended attorneys by viewing videotaped seminars over a four day period. The videotapes viewed covered the subject areas of estate planning, driving under the influence, personal injury, income tax, marital property and others.

(8) Throughout the time of suspension, the petitioner continued to do community service work through his church and other community groups. (N.T. 5-6.)

(9) Petitioner continued his subscriptions to various legal publications and reviewed the same and read the same regularly. (N.T. 6.)

(10) Petitioner supplemented his income by working for his family real estate business. (N.T. 7.)

(11) Attorney [A], a private practitioner in [    ] County, Pennsylvania, and the pastor of [    ] Church, testified before the Hearing Committee that petitioner's reinstatement would not pose a threat to the integrity of the bar or the best interest of the public. (N.T. 19-21.)

(12) Petitioner entered into evidence letters recommending his reinstatement from Attorneys [B], [C] and [D]. (N.T. 8.)

(13) The Office of Disciplinary Counsel does not contest petitioner's reinstatement and indicates that no other complaints remain outstanding against [petitioner], a previously filed complaint having recently been dismissed. (N.T. 21.)

### III. CONCLUSIONS OF LAW

Following the mandate detailed in Pa.R.D.E. 218(c)(3)(i), it is concluded by the Disciplinary Board that the misconduct for which the petitioner was suspended is

not so egregious as to preclude immediate consideration of his petition for reinstatement.

It is further concluded that the petitioner has demonstrated with clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania and that the resumption of the practice of law within the Commonwealth will be neither detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

Testimony presented by the petitioner, Attorney [A] and the character reference letters of attorneys who are familiar with the petitioner and his activities during the course of the term of his suspension are evidence of his moral character. The petitioner proving his moral fitness through the presentation of testimony by attorneys has been sanctioned in past reinstatement cases. *In re Anonymous Nos. 4 and 35 D.B. 79,* 5 D.&C.4th 557 (1989); and *In re Anonymous No. 18 D.B. 78,* 49 D.&C.3d 298 (1988). The petitioner has demonstrated his competency and learning in the law by his own testimony and that of Attorney [A] who testified on his behalf. Further, petitioner has presented proof of his competency and learning in the law in the form of correspondence dated August 30, 1993 from the Pennsylvania Bar Institute confirming that he has completed courses provided by the Pennsylvania Bar Institute necessary to meet with standards of section 89.279, Pa.R.D.E.

The above information supports the belief that the petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar, nor subversive of the interests of the public.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Mr. Paris did not participate in the adjudication.

## ORDER

And now, June 13, 1994, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 4, 1994, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1800, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.